# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 11-4563-DOC(CW) | Date | June 1, 2011 |
|---|---|---|---|
| Title | Hugo A. Gonzalez v. Derral G. Adams (Warden) | | |

| Present: The Honorable | Carla Woehrle, United States Magistrate Judge | |
|---|---|---|
| Donna Y. Thomas | n/a | n/a |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| n/a | n/a |

**Proceedings:**     (In Chambers)

The Petition for Writ of Habeas Corpus by a Person in State Custody (28 U.S.C. § 2254) was filed, pro se, on May 26, 2011. [Docket no. 1.] Here, on the face of the petition, Petitioner has not filed any relevant proceedings in the state supreme court. It therefore appears that Petitioner has not met the "exhaustion" requirement. See 28 U.S.C. § 2254(b).

"Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court." O'Sullivan v. Boerckel, 526 U.S. 838, 842, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999); see also 28 U.S.C. § 2254(b)-(c); King v. Ryan, 564 F.3d 1133, 1138 (9th Cir. 2009). For a California prisoner, this generally means that the petitioner's claims must have been fairly presented in a petition to the California Supreme Court. See O'Sullivan, 526 U.S. at 845 (interpreting 28 U.S.C. § 2254(c)); Gatlin v. Madding, 189 F.3d 882, 888 (9th Cir. 1999)(applying O'Sullivan to California). A claim has been fairly presented if a petitioner has "adequately described the factual basis for [the] claim," and "identified the federal legal basis for [the] claim." Gatlin, 189 F.3d at 888 (citing Gray v. Netherland, 518 U.S. 152, 162-63, 116 S. Ct. 2074, 135 L. Ed. 2d 457 (1996); see also Duncan v. Henry, 513 U.S. 364, 365-66, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995) (per curiam); Picard v. Connor, 404 U.S. 270, 275, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971)). A wholly unexhausted petition is dismissed without prejudice to refiling once the petitioner has met the exhaustion requirement.

1.   Petitioner is therefore **ORDERED TO SHOW CAUSE** in writing, on or before June 30, 2011, why the petition should not be dismissed, without prejudice, for failure to exhaust state court remedies.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 11-4563-DOC(CW) | Date | June 1, 2011 |
|---|---|---|---|
| Title | Hugo A. Gonzalez v. Derral G. Adams (Warden) | | |

    2.    If Petitioner contends that he <u>has</u> fully exhausted his present claims, he must explain how he has done so.  If Petitioner contends that he has exhausted some claims, but not exhausted others, he must clearly identify which claims are exhausted and which are unexhausted.


cc:  Hugo A. Gonzalez, # G-39850
     Corcoran State Prison
     P.O. Box 3466
     Corcoran, CA 93212