**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| HUGO A. GONZALEZ | ) | No. CV 11-4563-DOC(CW) |
| Petitioner, | ) ) | ORDER DENYING REQUEST FOR STAY AND DISMISSING ACTION |
| v. | ) | WITHOUT PREJUDICE |
| DERRAL G. ADAMS (Warden), | ) ) | |
| Respondent. | ) | |

The pro se petitioner is a prisoner in the custody of the State of California. On May 26, 2011, Petitioner filed a petition for writ of habeas corpus in this court. [Docket No. 1.] Because from the face of the petition it appeared that Petitioner had not exhausted his claims in the state courts, on June 1, 2011, the court issued an order to show cause why the petition should not be dismissed for failure to exhaust state remedies. [Docket No. 7.] See O'Sullivan v. Boerckel, 526 U.S. 838, 842, 119 S.Ct. 1728, 114 L.Ed.2d 1 (1999)("Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court."); 28 U.S.C. §§ 2254(b)-(c).

In response, Petitioner submitted a letter indicating he was unaware of the exhaustion requirement, and seeking a stay of this action to pursue his state court remedies.  [Docket No. 8.] According to the petition and Petitioner's letter, none of the grounds raised in this petition has, as yet, been presented to the California Supreme Court.  Accordingly, this petition is wholly unexhausted and must be dismissed.[1]  See Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006)(when petition contains only unexhausted grounds district court should not inquire as to the reasons for delay but should simply dismiss petition for failure to exhaust).

It is, therefore **ORDERED** as follows:

1.   Petitioner's request for a stay (docket no. 8, filed June 23, 2011) is **DENIED**.

2.   Judgment shall be entered **DISMISSING** this action without prejudice to the later filing of a habeas petition as a new action in the proper court.

DATED: August 10, 2011

_David O. Carter_
DAVID O. CARTER
United States District Judge

Presented by:
Dated: August 8, 2011

_Carla M. Woehrle_
CARLA M. WOEHRLE
United States Magistrate Judge

---

[1] If Petitioner should later file a federal habeas corpus petition, it will be subject to the statute of limitations codified at 28 U.S.C. § 2244(d).